

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0946-10

### THE STATE OF TEXAS

#### v.

### CHRIS ALLEN MCLAIN, Appellee

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SEVENTH COURT OF APPEALS
## HALE  COUNTY

**JOHNSON, J., filed a dissenting opinion.**

### D I S S E N T I N G   O P I N I O N

"On Sunday, he advised me that he had been in Russia" is not at all the same as "He advised

me that he had been in Russia on Sunday."  The first does not reveal when he had been in Russia,

the second is specific about when he had been there.  That is the situation we face in this case.  The

affiant writes of receiving information "from unknown callers" at unspecified times.  The

information was said to be that appellant "is" buying or trading stolen articles for drugs, again, at

unspecified times.  The officer noted that he had watched appellant's apparent place of business, at

an unspecified time.  He also received the same information from known informants, who stated that

appellant "was" using and selling methamphetamine, still without a known time frame.

The crux of the matter is whether the trial court's interpretation of "in the last 72 hours" is a hyper-technical one. There seems to have been no consideration that, just perhaps, the officer meant exactly what he wrote: within the previous 72 hours, he had conversed with his informant, who had related that the informant had seen appellant in possession of a controlled substance at an unspecified time. This is no more "hyper-technical" than interpreting the language to mean that the informant had seen the drugs within the last 72 hours.

When we parse statutes, we use the plain language of the statute because that is what we have to indicate what the legislature meant, and we do not attempt to read the collective mind of the legislature. I am unable to read the mind of the affiant, and I must therefore take as fact what he chose to write down, and what he wrote down was that, within the last 72 hours, he had conversed with his informant. This is not sufficient to support a search warrant.

I respectfully dissent.


Filed: April 13, 2011
Publish